JANVIER, Judge.
In a “head-on” collision, .on the West bank River Road in the Parish of Jefferson, a 1949 Ford Tudor sedan, owned by Sidney Caire and driven by his son, Walton Caire, was so seriously damaged that it had to be sold practically for “junk”.
Caire had secured from the Home Insurance Company a policy of insurance as a result of which that company paid to him the $1200.00 it is admitted the car was worth prior to the accident, and secured from Caire a subrogation to any rights which he might have against any third person tort feasor who might have been responsible for the accident. The said insurance company then sold the car for $260.00 and brought this suit for $940.00 against Joseph A. Lassi Sr., and Joseph A. Lass, Jr., alleging that the collision with the Caire sedan had resulted from negligence of Lass, Jr., who was driving the truck which belonged to his father and which crashed into the sedan of Caire.
The plaintiff alleged that the accident had occurred in a sharp bend in the River Road and, as a result of the fact that as the Caire car was going around the curve to its left and was on the right or correct side of the road, it was struck “head-on” by the Lass truck; that young Lass was “not keeping a proper lookout” and was operating the truck on the left or wrong side of the road and was “attempting to take a sharp and blind curve at an excessive and unlawful speed.”
Defendants denied that the collision had resulted from negligence on the part of Lass, Jr.; averred that he was operating his truck on the correct side of the road and at a reasonable speed and “under full control” when the sedan of Caire “on the wrong side of the road” ran into defendant’s truck.
It was conceded that if there was any liability in defendants the amount thereof should be fixed at $940.00 which was the net loss resulting from the fact that the car had been worth $1200.00 and had been sold for $260.00.
There was judgment dismissing plaintiff’s suit and it has appealed.
Only an issue of fact is .involved, i.e., which vehicle was on the wrong side of the road.
Counsel for defendants assert in their brief that since only an issue of fact is involved and since that issue was resolved in favor of defendants, there should not be a reversal of the judgment, and in their brief they say:
“There are no physical facts which are determinative of the question and *691 the matter therefore rests on the credibility of the witnesses.”
Counsel for plaintiff objects to this statement pointing out that there are several important physical facts which appear from the record and maintaining that those physical facts show that the sedan of Caire must have been on its right or correct side of the road when it was struck by the truck which, in negotiating the “blind curve”, must have swung far to its left across the center of the road and into the left front of the Caire sedan.
It is true that if we were forced to rely solely on the testimony of the eyewitnesses, it would be difficult to reach a conclusion as to just where the vehicles were when the crash occurred.
Lass, Jr., was alone in the truck and he says that he was on the right side of the road and that the Caire sedan was “more or less in the right hand lane coming around more or less in the center of the road.” What he meant was that the sedan was slightly to the truck’s side of the road and not on its correct side.
Both young Caire and his aunt, who was alongside him on the front seat, are positive that their car was well over to the right side of the road.
There are, as already stated, several significant facts which throw a great deal of light on the controversy. In the first place, there can be no doubt as to where the two vehicles came to rest after the impact. The sedan of Caire was far to its right side, in fact even beyond the right shoulder with its right wheels in the ditch alongside the shoulder. Young Caire says that as soon as he saw the truck he “pulled over to the shoulder of the road.” Lass, the driver of the truck, referring to the Caire car says: “The front wheels were in the ditch,” meaning the ditch on the side of the road which was proper for the Caire car and he said that his truck was across the road with its front end against the sedan.' In fact it was so far across the road -that one of its front wheels “could have been on the shoulder.”
Sergeant Joseph R. Capaci, the Highway Police officer who arrived shortly after the accident and made the usual inspection, says that the two vehicles had not been moved when he arrived; that the road was “wet” and “slick”; that the sedan was “off the road in the ditch,” on its correct side and that the truck “was across the highway,” meaning at a right angle across the highway with its front end against the sedan-which was off the highway to its right. The officer added that while there were no skid marks, “there were marks in the mud showing that the Ford automobile had gone into the ditch, and that it was struck off the paved portion of the highway.” He said too that the point at which the impact had occurred was indicated by “broken glass and debris” and that that was “off the paved portion of the highway.” He added: “It was right there where the car and truck came in contact, broken glass and mud.”
Lass, Jr., is obviously mistaken when he said that the collision had not occurred in the curve. He said: “ * * * I was just approaching it.” As a matter of fact, the evidence leaves no doubt at all that the impact occurred at the sharpest part of the curve and on the proper side of the road for the Caire sedan.
We can reach no other conclusion than that the truck of the defendant was on the wrong side of the road and swung too far to its left and into the Caire car.
It is contended that young Caire, the operator of the sedan, shortly after the accident, made a statement to the effect that he was late in getting to school. He denied having made the statement. Whether he made the statement or not is not particularly important because one of the witnesses for the defendant, Albert Blood, who says that he heard the statement made, says that what young Caire said was that “if he hadn’t been late he would have caught the bus and wouldn’t have taken the car,” *692 which obviously meant that the accident would not have happened had he been in the bus.
Under all the circumstances we can reach no other conclusion than that the driver of defendant’s truck was at fault.
The judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff, The Home Insurance Company, and against defendants, Joseph A. Lass, Sr., and Joseph A. Lass, Jr., solidarily in the full sum of $940.00, with legal interest from judicial demand, and for all costs.
Reversed.